IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.      CRIMINAL CASE NO. 3:15-CR-007-SA-SAA

                                                18 U.S.C. § 1347

SANDRA E. LIVINGSTON                 18 U.S.C. § 1349

## INFORMATION

The United States Attorney charges that:

**FILED**
**JUL 3 0 2015**
DAVID CREWS, CLERK
BY _____ Deputy

### COUNT ONE
(Healthcare Fraud Conspiracy)

### Introduction

At all times relevant herein:

1.      SANDRA E. LIVINGSTON was the actual owner and operator of Milestone Hospice Incorporated (hereinafter "Milestone Hospice") located at 347 Tatum Street, Grenada, Mississippi.

2.      Milestone Hospice applied for and received a Medicare provider number (# xx-x665) to purportedly provide hospice services in North Mississippi.

### The Medicare Program and Hospice Care

3.      The Department of Health and Human Services was a department of the United States government with responsibilities under federal law for the funding, administration and supervision of certain health care programs, including the Medicare program. Medicare was a federal health insurance program that provided coverage for individuals 65 years or older and for certain disabled individuals. Medicare was financed by federal funds from payroll taxes and premiums paid by beneficiaries. Medicare was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

4.      The Medicare program consisted of several parts, one of which, relevant to this Information, was referred to as "Part A" hospital insurance, which covered inpatient care in hospitals,

nursing homes and skilled nursing facilities. If certain requirements were met, Part A also covered hospice or home health care. To qualify for hospice care, a Medicare patient must be certified by a physician as terminally ill with a life expectancy of six months or less if the terminal condition runs its normal course. At the end of a 90 day enrollment period, a physician may re-certify a patient for hospice care if the patient remained terminally ill. See 42 C.F.R. § 418.21.

5. Milestone Hospice, as a purported hospice provider, submitted claims and received payments from Medicare. Milestone Hospice submitted claims to the federal contractor responsible for managing Medicare's claims for various hospice providers in the United States, including Mississippi-based providers. The claims were submitted by Milestone Hospice for each day that a patient was enrolled in hospice care and were paid from Medicare funds based on the level of hospice care claimed to have been provided. Hospice agencies were required to submit accurate and truthful information in order to be reimbursed for services provided to patients.

6. A Health Insurance Claim Number (hereinafter "HICN") is the number assigned to an individual Medicare beneficiary that Medicare providers use to submit claims for reimbursement to Medicare for health care services provided to the beneficiary, including but not limited to hospice care services.

7. From on or about October 2012 through on or about June 5, 2014, SANDRA E. LIVINGSTON, through Milestone Hospice and persons known and unknown to the ~~Grand Jury~~ US Attorney, submitted and caused to be submitted false and fraudulent claims for reimbursement to Medicare for hospice services which were not medically necessary that resulted in the payment of approximately $1,400,000 in Medicare funds to Milestone Hospice, to which it was not entitled, and which were converted by SANDRA E. LIVINGSTON to her own personal use or given to others by her for their use of those funds.

### The Conspiracy to Defraud Medicare

8. From on or about October 2012 through on or about June 5, 2014, in the Northern District of Mississippi and elsewhere, defendant, SANDRA E. LIVINGSTON did knowingly and willfully conspire and agree with persons known and unknown to the Grand Jury, to execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit program, that is, Medicare, and to obtain money and property owned by and under the custody and control of Medicare, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

### Manner and Means

9. It was part of the conspiracy that SANDRA E. LIVINGSTON, through Milestone Hospice and other persons known and unknown to the Grand Jury, submitted and caused to be submitted over 1 million dollars in fraudulent claims for reimbursement to Medicare hospice services that were fraudulent in at least one of the following respects:

   a. Claims for services not rendered

   b. Claims for services not medically necessary

   c. Claims for patients who were not hospice eligible and who were unaware they were under hospice care

10. It was part of the conspiracy that SANDRA E. LIVINGSTON agreed to pay recruiters for names and identifying information of potential patients for Milestone Hospice from primarily the Mississippi Delta Region.

11. It was part of the conspiracy that recruiters collected names and identifying information, including date of birth, home address, and HICN, of potential patients and forwarded

3

the patient information to another associate of SANDRA E. LIVINGSTON to verify that the patients were not already on hospice care.

12. It was part of the conspiracy that SANDRA E. LIVINGSTON used the patient information provided to her by recruiters to fraudulently enroll hospice patients who were not hospice appropriate and submit claims to Medicare for hospice services that were not medically necessary and that were not actually provided to the patient.

13. It was part of the conspiracy that the hospice medical director would be paid in cash by SANDRA E. LIVINGSTON for each patient certified as hospice eligible, above and beyond his salary with Milestone Hospice.

14. It was part of the conspiracy that during the entirety of the scheme, SANDRA E. LIVINGSTON used Medicare funds she received as a result of her fraudulent claims for reimbursement to pay cash to the recruiters for bringing in patients, per patient, and further to make cash payments to a doctor on a per patient basis, despite the fact that he was the medical director of said hospice.

15. It was part of the conspiracy that SANDRA E. LIVINGSTON used the funds she received as a result of the fraudulent claims for reimbursement to disburse over $200,000 to family members, keeping over $600,000 for herself.

**Overt Acts**

16. During and in furtherance of the conspiracy and to affect the objects of the conspiracy, at least one of the co-conspirators committed at least one of the following overt acts on or about the dates listed.

17. As described in the following chart, SANDRA E. LIVINGSTON, through Milestone Hospice, submitted fraudulent claims for reimbursement to Medicare on or about the dates listed for alleged hospice services. These claims were for services not rendered; for services not medically

4

necessary; for patients who were not hospice appropriate; and for patients who had been defrauded and were unaware they were under hospice care. Each claim for reimbursement represents a separate overt act in furtherance of the conspiracy:

| COUNT | PATIENT | CLAIM DATES (APPROX.) | AMOUNT PAID (APPROX.) |
|---|---|---|---|
| 1 | E.A. | 09/30/2013 - 12/31/2013 | $12,266.50 |
| 2 | D.P. | 10/15/2012 - 07/09/2013 | $35,208.27 |
| 3 | R.R. | 10/15/2012 - 07/09/2013 | $35,208.27 |
| 4 | W.M. | 01/08/2013 - 10/17/2013 | $35,642.89 |
| 5 | E.F. | 02/21/2013 - 09/05/2013 | $25,657.04 |
| 6 | W.B. | 01/07/2013 - 10/17/2013 | $37,098.87 |
| 7 | D.D. | 10/08/2012 - 07/10/2013 | $36,264.53 |
| 8 | B.M. | 03/26/2013 - 12/31/2013 | $36,668.75 |
| 9 | A.W. | 03/18/2013 - 01/31/2014 | $37,727.65 |
| 10 | C.K. | 03/11/2013 - 01/31/2014 | $42,224.89 |
| 11 | L.H. | 10/07/2012 - 10/30/2012 | $3,176.69 |
| 12 | R.F. | 01/28/2013 - 01/31/2014 | $44,213.39 |
| 13 | L.J. | 01/28/2013 - 01/31/2014 | $44,213.39 |
| | | **TOTAL:** | $425,970.13 |

All in violation of Title 18, United States Code, Sections 1347 and 1349.

*Felicia C. Adams*
FELICIA C. ADAMS
UNITED STATES ATTORNEY
MS BAR NO. 1049

5